IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHAKARA B.,

    *Plaintiff,*

vs.

Case No. 21-cv-02429-EFM

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    *Defendant.*

**MEMORANDUM AND ORDER**

    Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 22). Plaintiff Chakara B. seeks judicial review of a final decision by the Defendant, the Acting Commissioner of Social Security, denying her application for supplemental security income under Title XVI of the Social Security Act. The Commissioner moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to timely file. The Court finds that Plaintiff filed the action after the 60-day time limitation, without requesting or receiving an extension. Therefore, the Court grants the Commissioner's Motion to Dismiss.

## I.     Factual and Procedural Background

Plaintiff filed an application for supplemental security income for an alleged disability in May 2018. After being initially denied in January 2019, Plaintiff filed a written request for a hearing. An Administrative Law Judge ("ALJ") denied Plaintiff's application after the hearing on February 12, 2021. After the denial, the ALJ informed Plaintiff of her right to appeal the decision to the Appeals Council within 60 days of receiving the decision. Plaintiff timely filed an appeal with the Appeals Council but was denied review on May 6, 2021.

The Appeals Council informed Plaintiff of her right to ask the district court to review the ALJ's decision by filing a civil action against the Commissioner of Social Security within 60 days after receiving the decision. The Appeals Council also informed Plaintiff that it was assumed that she received the letter 5 days after the date of the decision unless she otherwise showed that she did not. The deadline to file the action was July 12, 2021. Plaintiff was informed that if she could not file within 60 days, she may ask the Appeals Council for an extension on her time to file. No evidence shows that she requested an extension. Plaintiff filed a civil action against the Commissioner on September 29, 2021—79 days after the deadline. The Commissioner moved to dismiss Plaintiff's action as untimely on March 18, 2022. Plaintiff did not respond.

## II.     Legal Standard

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."[1] Further, "the 'terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.' "[2] The Federal Government provides a limited waiver of

---

[1] *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (citation omitted).

[2] *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)) (citation and alteration omitted).

sovereign immunity in the Social Security Act.³  The Social Security Act states that "[a]ny individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."⁴ Such notice is presumed to be received 5 days after being sent by the Appeals Council unless the individual proves otherwise.⁵  Absent an extension, the Court strictly construes the 60-day time limit because it is a condition to the waiver of sovereign immunity.⁶  The 60-day limit constitutes a statute of limitations instead of a jurisdictional bar.⁷  Thus, the Courts may grant a Fed. R. Civ. P. 12(b)(6) motion for untimely filed civil actions.⁸

Where a plaintiff proceeds pro se, the court construes his filings liberally and holds them to less stringent standards than pleadings filed by lawyers.⁹  Pro se plaintiffs are nevertheless required to follow the Federal and local rules of practice, and the court does not assume the role of an advocate for pro se plaintiffs.¹⁰

---

³ *See* 42 U.S.C. § 405(g)-(h).

⁴ 42 U.S.C. § 405(g).

⁵ 20 C.F.R. § 404.901.

⁶ *Leslie v. Bowen*, 695 F. Supp. 504, 506 (D. Kan. 1988) (finding a complaint filed six days late untimely, and subject to dismissal) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986)); *see also Cleland v. Colvin*, 2013 WL 4854457, at *2 (D. Utah 2013) (finding complaint filed two days late untimely, and subject to dismissal).

⁷ *Cleland*, 2013 WL 4854457, at *1.

⁸ *Id.* (citing *Gossett v. Barnhart*, 139 F. App'x 24, 25 n.1 (10th Cir. 2005)).

⁹ *Barnett v. Corr. Corp of Am.*, 441 F. App'x 600, 601 (10th Cir. 2011) (citation omitted).

¹⁰ *United States v. Porath*, 553 F. App'x 802, 803 (10th Cir. 2014) (citation omitted).

### III.     Analysis

The Appeals Council sent notice to Plaintiff on May 6, 2021.  The Court assumes Plaintiff received the notice on May 11, 2021, because she has not otherwise shown that she did not receive it.[11]  Therefore, the date to file a timely appeal would have been July 10, 2021.  Since July 10, 2021, was a Saturday, Plaintiff had until Monday, July 12, 2021, to file.  Plaintiff filed a civil complaint against the "Social Security administration" (Doc. 1) on September 29, 2021, for the denial of her social security claim.  September 29, 2021, is 79 days after the deadline to file or 146 days after the notice was sent.  Because the Court strictly construes the deadline to file,[12] the Court must grant the Commissioner's Motion to Dismiss because this case was not filed within the 60-day time period unless Plaintiff can show that equitable tolling applies.

In rare circumstances, the 60-day filing period may be tolled by the Commissioner or the courts.[13]  Ordinarily, the Commissioner determines whether to extend the 60-day period. A court may only do so "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.' "[14]  To be entitled to equitable tolling, a plaintiff must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[15]  In *Bowen v. City of New York*, the Court held that

---

[11] 20 C.F.R. § 404.901.

[12] *Leslie v. Bowen*, 695 F. Supp. at 506; *see also Cleland*, 2013 WL 4854457, at *2.

[13] *Bowen v. City of New York*, 476 U.S. at 480.

[14] *Id.* (quoting *Mathews v. Eldridge*, 96 S.Ct. 893, 900 (1976)).

[15] *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005)).

tolling was appropriate when the " 'Government's secretive conduct prevent[ed] plaintiffs from knowing of a violation of rights.' "[16]

The Court does not find that Plaintiff is entitled to equitable tolling.  Plaintiff does not present any arguments to show that she has been diligently pursuing her rights or that "some extraordinary circumstance stood in" her way.[17]  Because she filed her claim after the deadline and no basis exists to grant an equitable tolling of the statute of limitations, the Court grants the Motion to Dismiss.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 22) is **GRANTED.**

This case is closed.

**IT IS SO ORDERED.**

Dated this 25th day of July, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[16] *Bowen v. City of New York*, 106 S. Ct. at 2030 (quoting *City of New York v. Heckler*, 742 F.2d 729, 738 (2d Cir. 1984)).

[17] *See Holland*, 560 U.S. at 649 (quoting *Pace*, 125 S.Ct. at 1814).