IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHAKARA B.,

    *Plaintiff,*

vs.

Case No. 21-cv-02429-EFM

KILOLO KIJAKAZI,
Acting Commissioner of Social Security

    *Defendant.*

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 26). Plaintiff asks the Court to reconsider its Memorandum and Order (Doc. 24) granting the Motion to Dismiss of Defendant, the Acting Commissioner of Social Security. Because Plaintiff fails to demonstrate that reconsideration is proper, the Court denies Plaintiff's Motion.

**I.    Factual and Procedural Background**

Plaintiff filed an application for supplemental security income in May 2018. After an initial denial, Plaintiff filed a written request for a hearing. A hearing was held, after which the Administrative Law Judge ("ALJ") denied Plaintiff's application. The ALJ informed Plaintiff of her right to appeal the decision to the Appeals Council within 60 days. Plaintiff timely filed an appeal with the Appeals Council but was denied review on May 6, 2021.

With its denial of review, the Appeals Council informed Plaintiff of her right to ask the district court to review the ALJ's decision. Plaintiff would have 60 days from her receipt of the Appeals Council's decision to seek review unless she requested an extension from the Appeals Council. The Appeals Council also informed Plaintiff that it was assumed she received the letter 5 days after the date of the decision unless she otherwise showed that she did not.

The deadline to file the instant action was July 12, 2021. There is no indication in the record that Plaintiff requested an extension. Plaintiff filed this suit against the Commissioner on September 29, 2021—79 days after the deadline. The Commissioner moved to dismiss Plaintiff's action as untimely. Plaintiff did not respond. The Court granted the Commissioner's Motion.

Two days after the Court's Memorandum and Order, Plaintiff moved for reconsideration. She argues that extraordinary circumstances beyond her control should excuse her failure to timely file this action. The Commissioner offers no response.

## II.     Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to request reconsideration of a final judgment. The Court may grant a Rule 59(e) motion when it "has misapprehended the facts, a party's position, or the controlling law."[1] Rule 59(e) is not an appropriate vehicle for revisiting issues already considered or arguing matters "that could have been raised in prior briefing."[2]

---

[1] *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[2] *Id.* (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

Because Plaintiff appears pro se in this case, the Court must liberally construe her pleadings,[3] but such liberal construction does not relieve Plaintiff of her burden to demonstrate that reconsideration is proper.[4]

### III.    Analysis

Plaintiff fails to demonstrate that reconsideration is proper. Her primary contention is that her tardiness in filing this case should be excused due to extraordinary circumstances beyond her control—namely, her homelessness and the resulting lack of a stable address. Plaintiff elaborates that she became homeless when her girlfriend, with whom she was living, was hospitalized. Plaintiff then began to use her mother's address for mail, but Plaintiff's mother was also experiencing health problems at the time and would either misplace Plaintiff's mail or would not give it to her in a timely fashion. At some point, Plaintiff began using her uncle's address and has been doing so at least since she filed this suit. These circumstances, Plaintiff contends, support the equitable tolling of the 60-day filing deadline.[5]

This is an argument Plaintiff was welcome to make in response to the Commissioner's Motion to Dismiss. She did not do so. Indeed, she failed to offer any response whatsoever. She cannot now ask the Court to consider it, as a motion under Rule 59(e) is not an appropriate vehicle for revisiting issues already considered or arguing matters "that could have been raised in prior

---

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

[4] *See id.*

[5] *See Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (applying a "traditional equitable tolling principle" to the 60-day time limit of 42 U.S.C. § 405(g)).

briefing."[6]  Though Plaintiff appears pro se, and anything she chooses to file is liberally construed by the Court, she is still required to follow the rules of procedure that bind other litigants.[7]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 26) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 14th day of September, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

[7] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).