IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHAKARA B.,

      *Plaintiff,*

vs.

      Case No. 21-cv-02429-EFM

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

      *Defendant.*

**MEMORANDUM AND ORDER**

This is Plaintiff's second request that the Court reconsider its order granting the Motion to Dismiss of Defendant, the Acting Commissioner of Social Security. The Court granted the Commissioner's motion because Plaintiff filed her action several months after the statutory deadline. Instead of now attempting to meet the standards that govern reconsideration, Plaintiff simply trots out the same excuses for her untimeliness that she could have and should have made in response to the Commissioner's motion to dismiss. As such, the Court once again denies Plaintiff's Motion.

**I.    Factual and Procedural Background**

Plaintiff filed an application for supplemental security income in May 2018. After an initial denial, Plaintiff filed a written request for a hearing. A hearing was held, after which the

Administrative Law Judge ("ALJ") denied Plaintiff's application. The ALJ informed Plaintiff of her right to appeal the decision to the Appeals Council within 60 days. Plaintiff timely filed an appeal with the Appeals Council but was denied review on May 6, 2021.

With its denial of review, the Appeals Council informed Plaintiff of her right to ask the district court to review the ALJ's decision. Plaintiff would have 60 days from her receipt of the Appeals Council's decision to seek review unless she requested an extension from the Appeals Council. The Appeals Council also informed Plaintiff that it was assumed she received the letter 5 days after the date of the decision unless she otherwise showed that she did not.

The deadline to file the instant action was July 12, 2021. There is no indication in the record that Plaintiff requested an extension. Plaintiff filed this suit against the Commissioner on September 29, 2021—79 days after the deadline. The Commissioner moved to dismiss Plaintiff's action as untimely. Plaintiff did not respond. The Court granted the Commissioner's Motion.

Two days after the Court's Memorandum and Order, Plaintiff moved for reconsideration. She argued that extraordinary circumstances beyond her control should excuse her failure to timely file this action. The Court denied that motion, reasoning that Plaintiff could have and should have made this argument in a timely response to the Commissioner's Motion. Now, almost a year later, Plaintiff again moves for reconsideration of the Court's decision to grant the Commissioner's Motion to Dismiss.

## II.     Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to request reconsideration of a final judgment. The Court may grant a Rule 59(e) motion when it "has

misapprehended the facts, a party's position, or the controlling law."[1] Rule 59(e) is not an appropriate vehicle for revisiting issues already considered or arguing matters "that could have been raised in prior briefing."[2]

Plaintiff proceeds pro se. The Court therefore liberally construes her pleadings,[3] but such liberal construction does not relieve Plaintiff of her burden to demonstrate that reconsideration is proper.[4]

### III. Analysis

Reconsideration remains inappropriate. Plaintiff again argues that the untimely filing of her case and her repeated failures to respond should be excused because her living conditions were not stable, and she was not regularly receiving mail. This may or may not have been a good argument in favor of equitably tolling the deadline for Plaintiff to file her appeal of the Commissioner's final action in her case. It is, however, an argument that Plaintiff should have and, crucially, *could have* made in response to the Commissioner's motion to dismiss.

The Commissioner filed her motion to dismiss on March 18, 2022. The motion was sent by first-class mail to Plaintiff's listed address, an apartment on Nebraska Avenue in Kansas City, Kansas. Around three weeks later, instead of filing a response to the Commissioner's motion, Plaintiff filed a document titled "Notice of Proof of Spine Clinic Visit, Physical Therapy, Diagnosis." She mailed this document from the same, Nebraska Avenue address. The docket thus

---

[1] *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[2] *Id.* (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

[4] *See id.*

demonstrates that Plaintiff, despite all her excuses about not having received mail and the difficulties related to not having a stable address, could have responded to the Commissioner's motion to dismiss and failed to do so.[5] Her failure to do so does not mean that she can now make arguments in response to that motion at her leisure, as pro se litigants are bound by the same rules of procedure that govern other litigants.[6]

Plaintiff's Motion exclusively raises arguments that she could have and should have made in response to the Commissioner's Motion to Dismiss. Reconsideration is therefore not appropriate.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 29) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 14thth day of July, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] Further, under this Court's rules, the onus was on Plaintiff to inform the Court regarding a change of address. D. Kan. R. 5.1(b)(3) ("Each attorney or pro se party must notify the clerk of any change of address or telephone number.").

[6] *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).